**HAHN, Plaintiff-Appellee, v. HAHN, Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 216.   Decided October 23, 1956.

J. Harvey Crow, Urbana, for defendant-appellant.

## OPINION

By HORNBECK, J.:

This is an appeal from an order of the Common Pleas Court dismissing a motion of defendant sua sponte. The motion concluded with a prayer for an order granting to defendant the exclusive care, custody and control in the defendant of Judith Anne, Charles Edward and Robert James, children of the parties to the action.

From the transcript of the docket and journal entries we learn that this motion was filed on January 23, 1956. On January 28, 1956, an entry was filed postponing, for reasons stated, the hearing of the foregoing motion until May 31, 1956 for which time it was assigned. On April 6, 1956, the following entry was filed:

"The Court being officially advised that the defendant, Oliver Hahn, has failed and neglected to pay $25.00 of the $75.00 due by 5 February

1956 and none of the $75.00 due by 5 March and 5 April 1956 for the support of his five minor children, who are in the custody of the Department of Public Welfare, Madison County, Ohio; said defendant is hereby ordered to show cause why his motion for change of custody respecting 3 of his 5 said minor children should not be dismissed. Said showing to be made in person on or before 20 April 1956.

"It is further ordered that the visitation rights of said defendant be and hereby are suspended, until such time as he shall comply in full with the support payment order heretofore made and in force."

(S) Gerald A. Baynes

J U D G E"

At the bottom of this entry is this notation:
cc: (2) Dept. of Welfare, Mad. Co.
Oliver Hahn
Harvey Crow, Defendant's Att.,
P. O. Box 123, Urbana, Ohio.

On May 14, 1956, the following journal entry was filed:

"The within defendant having failed to show cause why his motion for change of custody of 3 of his 5 minor children should not be dismissed, as required by Entry dated 6 April 1956, said motion of the defendant is hereby dismissed, without prejudice and at defendant's costs.

"It is further ordered that the visitation of said defendant, heretofore ordered suspended, shall be reinstated when said defendant shall again pay the $75.00 per month according to the former order of the Court, or until such time as the suspension shall otherwise be modified or vacated.

Enter: 3 May 1956
(S) Gerald A. Baynes

J U D G E

CC: (2) Dept. of Welfare, Mad. Co.
Oliver Hahn
Harvey Crow, Defendant's Atty.
P. O. Box 123, Urbana, Ohio"

There is a presumption of validity of the action taken by the trial judge which may be overcome only when it is so inconsistent with the facts and inferences to be drawn from the record as to constitute prejudicial error. We cannot find that this order was invalid and therefore prejudicial to the defendant.

Although counsel for the appellant asserts in his brief that neither he nor defendant had notice of the action of the court, the official files disclose that copies of the notices were mailed both to defendant and to his attorney to show cause why the motion for change of custody of the minor children should not be dismissed. The Court may have believed that one or both of the notices had been received.

At the time of the notice to the defendant to show cause why his motion and change of custody should not be dismissed, he was in con-

tempt of court, so found and declared in the entries heretofore quoted. It also appears in the record that he had been almost continuously in default of payment under the orders of the trial judge as to payment of support money for his children.

In this situation, we would not hold that the trial judge abused his discretion in refusing to entertain the motion filed by the defendant while he was in contempt or until such time as he had purged himself of that contempt.

The trial judge had on motion of defendant awarded custody of certain of his children to him and had reduced the amount of support money which he was required to pay. Flagrant disregard by the defendant of the order of the court was the basis of the action taken dismissing his motion. We are of opinion that a court is within its discretionary right in denying the processes of the law to a party in a case who refuses to observe the orders of the Court in that case.

It will be noted that the dismissal of the motion was without prejudice.

Motion for change of custody may ordinarily at any time be filed by a party to the action upon a change of conditions and the defendant, either by securing further modification of the support order, or by compliance with the court's present order could reinstate himself with the trial court and have full and fair consideration of any motion which he might present.

We find no abuse of discretion by the Court in the action taken on defendant's motion for change of custody and no error to the prejudice of defendant. The order appealed from will not be disturbed.

MILLER, PJ, WISEMAN, J, concur.